**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: JORDEN MARIE SALDANA, <br><br> Appellant. | Case No.  22-cv-06223-BLF <br><br> **ORDER AFFIRMING THE BANKRUPTCY COURT ORDER ON APPEAL** |

This matter is before this Court on appeal, pursuant to 28 U.S.C. § 158(a), from the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). Appellant Jorden Marie Saldana ("Debtor" or "Appellant") appeals from two Bankruptcy Court Orders.  Opening Br., ECF No. 9; *see* Order Sustaining Objection To Confirmation, EOR at 174; Confirmation Order, EOR at 241.  On January 5, 2023, Appellee Martha G. Bronitsky, the Chapter 13 Trustee of the bankruptcy estate ("Trustee"), filed a Response Brief.  Trustee Br., ECF No. 10. On January 18, 2023, Saldana filed a Reply Brief.  Reply Br., ECF No. 11.  The Court finds the matter to be appropriate for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons discussed below, the Court AFFIRMS the Bankruptcy Court Order.

**I.    BACKGROUND**

This case was filed as a voluntary Chapter 13 bankruptcy on April 13, 2022.  *See* EOR[1] at 1-52.  Debtor is single, has no dependents, and is employed as a surgical technician with a gross monthly income of $8,081.  EOR at 28, 30.  Her budget includes an ongoing voluntary retirement contribution of $484 as a payroll deduction in Schedule I and repayment of two retirement loans

---

[1] "EOR" refers to the Excerpt of Record submitted by Appellant.  *See* ECF Nos. 5-6.

United States District Court
Northern District of California

1   as an expense on Schedule J.  EOR at 28-31.  Saldana filed a Chapter 13 Plan that required

2   monthly payments of $300 for 60 months with a corresponding divided of 0% to general

3   unsecured creditors.  EOR at 53-59.  She also filed Official Forms 122C-1 and 122C-2 ("Means

4   Test").  EOR at 61-73.  The initial Means Test included a deduction of $601 at Line 41

5   representing the monthly payments for two retirement loans, and it arrived at a Disposable

6   Monthly Income ("DMI") of $115.90.  EOR at 71.  Saldana filed a declaration in support of her

7   Chapter 13 Plan in which she stated:  "I have reduced my voluntary retirement shown as TSA

8   Fidelity EE on my paychecks to 6% which equates to $484 per months [sic] in order to make ends

9   meet and perform my plan obligations."  EOR at 127-28.  This indicated she was making a regular

10   voluntary contribution to her retirement plan but reduced it for her Chapter 13 budget.  *Id.*

11        On April 22, 2022, Trustee filed an Objection to Confirmation of Chapter 13 Plan.  EOR at

12   108-13.  On April 25, 2022, the Debtor filed amendments to her Form 107, which was included as

13   part of her initial bankruptcy petition.  EOR at 117-26.  On May 23, 2022, Trustee filed an

14   Amended Objection to Confirmation of a Chapter 13 Plan, which, among other things, changed

15   the Means Test objection to seek a reduction in the amount listed on Line 41 to reflect

16   amortization of the retirement loans over the term of the plan.  EOR at 130-34.  On June 29, 2022,

17   the Debtor filed an Amended Means Test that increased the monthly deduction on Line 41 from

18   $601 to $747, which reflected amortization of the retirement loans over the term of the plan and

19   the addition of $484 as a go-forward retirement contribution.  EOR at 149-62.  On July 1, 2022,

20   the Trustee filed another Amended Objection, which raised that Debtor was not entitled to deduct

21   her voluntary retirement contributions from disposable income in the Means Test.  EOR at 163-68.

22        The Joint Prehearing Statement identified as a remaining issue whether the retirement

23   deduction was an allowable deduction on the Means Test.  EOR at 169-70.  On July 28, 2022, the

24   Bankruptcy Court conducted a confirmation hearing and sustained the Trustee's Objection to

25   Confirmation.  EOR at 288-91.  The Bankruptcy Court then issued a written Order sustaining the

26   Trustee's Objection to Confirmation.  EOR at 174.

27        Debtor filed amended plans on August 15, 2022 and August 16, 2022, which eliminated

28   the ongoing retirement deductions as a deduction from the means test.  EOR at 179-93.  On

1    August 23, 2022, Debtor filed an amended means test.  EOR at 201-13.  It removed the deduction

2    on Line 41 for ongoing retirement contributions and left only the amortized payment for

3    retirement loans in the amount of $281, but it calculated the Trustee's fee incorrectly.  EOR at

4    211.  Two days later, the Debtor filed another amended means test to correct the error, which

5    resulted in a DMI of $409.77.  EOR at 214-26.  On September 19, 2022, Debtor filed the Third

6    Amended Plan, which provided for monthly payments of $300 until August 2023 and monthly

7    payments of $728 for the remainder of the 60-month term.  EOR at 228-34.  The Bankruptcy

8    Court confirmed the Third Amended Plan on September 26, 2022.  EOR at 241.

9           Debtor appealed.  ECF No. 1.

10   **II.    ISSUES PRESENTED**

11          Saldana identifies two (related) issues for the instant appeal:

12     (1) Did the Bankruptcy Court err in sustaining the Trustee's objection to voluntary retirement

13         contributions as a means test deduction?  Opening Br. at 2.

14     (2) Did the Bankruptcy Court err in confirming a plan predicated on an erroneous

15         interpretation of the statutes?  Opening Br. at 2.

16   **III.   JURISDICTION**

17          28 U.S.C. § 158(a)(1) confers jurisdiction on this Court to adjudicate this bankruptcy

18   appeal.  The Bankruptcy Court's Confirmation Order, which resulted in the termination of the

19   adversary proceeding, is a final and appealable order.  *See Bullard v. Blue Hills Bank*, 575 U.S.

20   496, 502-03 (2015).  The Bankruptcy Court's Order Sustaining Objection to Confirmation was

21   interlocutory, but it became appealable upon entry of the final Confirmation Order.  *Cf. Cato v.*

22   *Fresno City*, 220 F.3d 1073, 1074-75 (9th Cir. 2000).

23   **IV.    STANDARD OF REVIEW**

24          The issue before the Court, whether a voluntary contribution to a retirement plan is

25   excepted from disposable income, is a purely legal issue of statutory interpretation, which is

26   reviewed de novo.  *In re JTS Corp.*, 617 F.3d 1102, 1109, (9th Cir. 2010); *In re Simpson*, 557 F.3d

27   1010, 1014 (9th Cir. 2009).

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.     DISCUSSION**

The central issue presented in this appeal is whether voluntary contributions to a retirement account constitute disposable income.  The Bankruptcy Court answered that question in the affirmative.  As the parties recognize, courts in this country have taken varied approaches to this question, with some holding that voluntary contributions to a retirement account are always disposable income; others holding that voluntary contributions to a retirement account are never disposable income; and still others holding that voluntary contributions to a retirement account are not disposable income if made prior to the bankruptcy filing.  The Court will identify the relevant statutory provisions and then summarize these approaches.

**A.     Statutory Framework**

Section 1325 of the Bankruptcy Code governs confirmation of Chapter 13 payment plans. *See* 11 U.S.C. § 1325.  Section 1325(b) provides that, after an objection from the Chapter 13 trustee, a Chapter 13 plan cannot be approved "unless . . . [it] provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors."  11 U.S.C. § 1325(b)(1)(B).  It defines "disposable income" as the debtor's "current monthly income . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor."  11 U.S.C. § 1325(b)(2)(A)(i).  Current monthly income is the average monthly income in the six-month period before the bankruptcy is filed.  11 U.S.C. § 101(10A).  For debtors with above the applicable state median income, the "amounts reasonably necessary to be expended" are determined by reference to Section 707(b).  11 U.S.C. § 1325(b)(3).  The phrase "projected disposable income" is not defined in the Bankruptcy Code.  The Supreme Court has stated that "projected disposable income" is the debtor's disposable income under Section 1325(b)(2) adjusted for any "changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." *Hamilton v. Lanning*, 560 U.S. 505, 524 (2010).

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act, which added Section 541(b)(7) to the Bankruptcy Code.  Section 541(b)(7) provides:

(b) Property of the estate does not include –

4

….

    (7) any amount –

        (A) withheld by an employer from the wages of employees for payments as contributions –

            (i) to –

                (I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 [commonly known as a 401(k) retirement plan] or under an employee benefit plan which is a government plan under section 414(d) of the Internal Revenue Code of 1986;

            ….

           **except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2).**

11 U.S.C. § 541(b)(7).

Before BAPCPA was passed in 2005, "the 'overwhelming consensus' among bankruptcy courts was that wages voluntarily withheld as 401(k) contributions formed part of a debtor's disposable income." *Davis v. Hebling* (*In re Davis*), 960 F.3d 346, 350 (6th Cir. 2020) (collecting cases). But the passage of BAPCPA changed that. The emphasized portion above, known as the "hanging paragraph," has "led to considerable disagreement among courts and litigants nationwide." *Id.* at 351. "Since [the passage of BAPCPA], courts faced with the question of whether voluntary 401(k) contributions constitute disposable income under Section 1325(b) have reached no less than four different conclusions." *In re Aquino*, 630 B.R. 499, 548 (Bankr. D. Nev. 2021). "BAPCPA's insertion of the hanging paragraph into § 541(b)(7) has taken us from an 'overwhelming consensus' among bankruptcy courts to four competing views of whether voluntary retirement contributions constitute disposable income in a Chapter 13 bankruptcy." *In re Davis*, 960 F.3d at 352-53 (internal citation omitted).

### B.    Approaches Taken by Other Courts

The Court will next summarize how other courts have addressed this question. *See generally In re Aquino*, 630 B.R. at 548-94 (providing comprehensive summary of case law).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### i.    Voluntary 401(k) Contributions are Always Disposable Income

Several courts have held that voluntary contributions to a 401(k) are always disposable income. This approach is often traced to *In re Prigge*, 441 B.R. 667 (Bankr. D. Mont. 2010). Several of the cases adopting this approach—"that voluntary 401(k) contributions are always disposable income under Section 1325(b) in chapter 13 cases filed by above-median income debtors"—come from courts within the Ninth Circuit. *In re Aquino*, 630 B.R. at 548; *see In re McCullers*, 451 B.R. 498 (Bankr. N.D. Cal. 2011); *Parks v. Drummond* (*In re Parks*), 475 B.R. 703 (B.A.P. 9th Cir. 2012). And it is the approach adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Parks*, which the Bankruptcy Court in this case followed.

This approach "focuses on the hanging paragraph's location within § 541." *In re Davis*, 960 F.3d at 351 (citing *In re Parks*, 475 B.R. at 708). Section 541 defines the property of the estate at the filing of the petition. 11 U.S.C. § 541. This line of cases concludes that that the hanging paragraph excludes from property of the estate only 401(k) contributions that were made *prior to* the filing of the bankruptcy petition. *See, e.g.*, *In re Parks*, 475 B.R. at 708. These cases conclude that any voluntary retirement contributions made after the filing of the bankruptcy petition thus constitute disposable income. *See, e.g.*, *id.* at 708-09.

### ii.    No Voluntary 401(k) Contributions are Disposable Income

Another approach that courts have taken is to hold that voluntary 401(k) contributions are never disposable income. The leading decision for this approach is *Baxter v. Johnson* (*In re Johnson*), 346 B.R. 256 (Bankr. S.D. Ga. 2006). The *Johnson* court stated that Section 541(b)(7) "plainly state[s] that [401(k)] contributions 'shall not constitute disposable income.'" *Id.* at 263 (quoting 11 U.S.C. § 541(b)(7)). It stated that Congress had "placed retirement contributions outside the purview of a Chapter 13 plan." *Id.* The court decided that voluntary contributions to a 401(k) plan therefore do not constitute disposable income, regardless of whether they began prior to bankruptcy, as long as they are made in good faith. *Id.*

### iii.    Voluntary 401(k) Contributions in Pre-Petition Amounts are Not Disposable Income

Other lines of cases have held that voluntary retirement contributions are not disposable income if they were made regularly prior to the filing of the bankruptcy petition. *See In re Davis*,

1    960 F.3d at 352.  Courts have followed two different lines of reasoning in reaching this outcome,

2    and the Court will describe each in turn.  In 2020, the Sixth Circuit adopted this approach, making

3    clear it did not choose between the lines of reasoning (*Seafort*-BAP and CMI), as either would

4    produce the same result.  *Id.* at 357.

5                              a.  *Seafort*-BAP Interpretation

6         The first interpretation is referred to as the *Seafort*-BAP approach because it comes from

7    the decision of the Sixth Circuit Bankruptcy Appellate Panel in *Seafort v. Burden* (*In re Seafort*),

8    437 B.R. 204 (B.A.P. 6th Cir. 2010).  This approach also focuses on the hanging paragraph's

9    placement in § 541 but "construes the hanging paragraph to exclude the debtor's pre-petition

10   contribution *amount*—rather than merely her accumulated savings—from her disposable income

11   under § 1325(b)(2)."  *In re Davis*, 960 F.3d at 352 (emphasis in original) (citing *In re Seafort*, 437

12   B.R. at 210).  Under this approach, a debtor could exclude voluntary 401(k) contributions from

13   disposable income if the debtor made an equal or greater monthly voluntary 401(k) contribution

14   prior to filing for bankruptcy.  *In re Seafort*, 437 B.R. at 210.

15                             b.  CMI Interpretation

16        The second interpretation, referred to as the "CMI Interpretation," comes from the

17   Bankruptcy Court of the Western District of Washington.  *See In re Anh-Thu Thi Vu*, No. 15-

18   41405-BDL, 2015 WL 6684227 (Bankr. W.D. Wash. June 16, 2015).  This approach "construes

19   the hanging paragraph as excluding the debtor's pre-petition contributions from the calculation of

20   her 'current monthly income'—a subcomponent of § 1325(b)(2)'s disposable-income calculation."

21   *In re Davis*, 960 F.3d at 352 (citing *In re Anh-Thu Thi Vu*, 2015 WL 6684227, at *4).  As stated

22   above, current monthly income is defined as average income in the six months preceding

23   bankruptcy.  11 U.S.C. § 101(10A).  This interpretation would often lead to the same result as the

24   *Seafort*-BAP approach.  But under certain circumstances, such as a debtor who began making

25   contributions less than six months before filing the petition, the outcome would be different than

26   that under *Seafort*-BAP.

27   **C.   This Appeal**

28        At issue is whether Saldana's voluntary retirement contributions, in an amount she made

United States District Court
Northern District of California

United States District Court
Northern District of California

1   pre-petition, were properly included as disposable income.  Saldana encourages the Court to hold

2   that voluntary retirement contributions in an amount made prior to filing for bankruptcy do not

3   constitute disposable income, adopting either the CMI interpretation or the statutory interpretation

4   approach of the Sixth Circuit in *In re Davis*.  Opening Br. at 12-16.  Appellee asks the Court to

5   uphold the Bankruptcy Court's decision and follow the Ninth Circuit Bankruptcy Appellate

6   Panel's decision in *In re Parks*.  Trustee Br. at 6-15.  The Court recognizes that the decision of the

7   Ninth Circuit Bankruptcy Appellate Panel is not binding, but merely persuasive.  *See Silverman v.*

8   *Zamora* (*In re Silverman*), 616 F.3d 1001, 1005 & n.1 (9th Cir. 2010).  The Court determines that

9   the interpretation of the statutes determining that voluntary retirement contributions are always

10  disposable income is most persuasive.  This approach has been followed by several courts within

11  the Ninth Circuit, including the Bankruptcy Court of the District of Nevada in a recent 2021

12  decision.  *See In re Aquino*, 630 B.R. 499.

13          The structure of the Bankruptcy Code is instructive.  Section 1306 of the Bankruptcy Code

14  defines property for Chapter 13 bankruptcy filings.  11 U.S.C. § 1306.  It defines the property of

15  the estate to include "the property specified in section 541" of the Bankruptcy Code, as well as

16  certain property acquired and earnings from services performed after the commencement of a

17  bankruptcy case but before its closing.  *Id.*  In turn, Section 541, which includes the hanging

18  paragraph, defines property of the estate at the time of filing.  11 U.S.C. § 541.  "Section 541(a)(1)

19  defines property of the estate as including 'all legal or equitable interest of the debtor in property

20  as of the commencement of the case' and § 541(a)(6) states that 'earnings from services performed

21  by an individual debtor after the commencement of the case' are not brought into the estate."  *In re*

22  *Parks*, 475 B.R. at 707 (quoting 11 U.S.C. § 541).  As summarized by the Sixth Circuit, "Section

23  1306(a) expressly incorporates § 541.  Read together, § 541 fixes property of the estate as of the

24  date of filing, while § 1306 adds to the 'property of the estate' property interests which arise post-

25  petition."  *Seafort v. Burden* (*In re Seafort*), 669 F.3d 662, 667 (6th Cir. 2012).

26          Section 1325 of the Bankruptcy Code then governs confirmation of Chapter 13 payment

27  plans.  11 U.S.C. § 1325.  It defines "disposable income" as the debtor's "current monthly income

28  . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the

8

United States District Court
Northern District of California

1    debtor." 11 U.S.C. § 1325(b)(2)(A)(i). For debtors with above the applicable state median

2    income, the "amounts reasonably necessary to be expended" are determined by reference to

3    Section 707(b)(2)(A)-(B), referred to as the "means test." 11 U.S.C. § 1325(b)(3). Section 707(b)

4    provides that "[t]he debtor's monthly expenses shall be the debtor's applicable monthly expense

5    amounts specified under the National Standards and Local Standards, and the debtor's actual

6    monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal

7    Revenue Service." 11 U.S.C. § 707(b)(2)(A)(ii)(I). "[T]he Internal Revenue Manual ("IRM")

8    lists fifteen categories of expenses which may be considered necessary under certain

9    circumstances, such as child care, education and court-ordered payments such as alimony and

10   child support." *Egebjerg v. Anderson* (*In re Egebjerg*), 574 F.3d 1045, 1051 (9th Cir. 2009)

11   (citing IRM § 5.15.1.10). As the Ninth Circuit has noted, "the IRS guidelines themselves provide

12   that '[c]ontributions to voluntary retirement plans are not a necessary expense.'" *Id.* at 1052

13   (alteration in original) (quoting IRM § 5.15.1.23). With this framework in mind, "the question

14   presented is whether the very specific provisions of subsection 541(b)(7) . . . override the more

15   general provisions of subsections 707(b)(2) and 132[5](b)." *In re McCullers*, 451 B.R. at 501.

16        Again, Section 541 states that "[p]roperty of the estate does not include . . . any amount . . .

17   withheld by an employer from the wages of employees for payments as contributions . . . to . . . [a

18   401(k)] . . . except that such amount under this subparagraph shall not constitute disposable

19   income as defined in section 1325(b)(2)." 11 U.S.C. § 541(b)(7)(A). The Court agrees with the

20   several other courts that have determined that the most reasonable interpretation of section

21   541(b)(7)(A) is to exclude voluntary 401(k) contributions made before the petition date from the

22   property of the estate. *See In re Parks*, 475 B.R. at 708 ("[B]y reading § 541(a)(1) and §

23   541(b)(7)(A) together, the most reasonable interpretation of § 541(b)(7)(A) is that is excludes

24   from property of the estate only those 401(k) contributions made before the petition date."); *In re*

25   *McCullers*, 451 B.R. at 503 ("[T]he most natural reading of section 541(b)(7) is that it excludes

26   from property of the estate only those contributions made before the petition date."); *In re Prigge*,

27   441 B.R. at 677 n.5 ("[Section 541(b)(7)] seems intended to protect amounts withheld by

28   employers from employees that are in the employer's hands at the time of filing bankruptcy, prior

1    to remission of the funds to the plan").  The "such amount" language in the hanging paragraph

2    means that pre-petition retirement contributions are not disposable income.  *In re Parks*, 475 B.R.

3    at 708; *see also In re McCullers*, 451 B.R. at 503-04 ("That Congress intended to exclude from

4    disposable income only the same prepetition contributions excluded from property of the estate is

5    indicated by its specifying the contributions excluded from property of the estate and then stating

6    that "such amount" shall not constitute disposable income.").

7    　　　　　And the Court agrees with the meaning of the "except that" language explained by the

8    courts in *McCullers* and *Parks*.  *Prigge* held that the "except that" language was limited to

9    excluding from disposable income any amount that had been withheld by the employer but not yet

10   remitted to the retirement plan itself.  *In re Prigge*, 441 B.R. at 677 n.5.  The court in *McCullers*

11   stated that the "except that" language serves "merely to counteract any suggestion that the

12   exclusion of such contributions from property of the estate constitutes postpetition income to the

13   debtor."  *In re McCullers*, 451 B.R. at 504.  It went on to state that "Congress's use of the words

14   'except that' is entirely consistent with the *Prigge* decision, which held that the purpose of the

15   statute was merely to clarify that the exclusion of certain prepetition contributions from property

16   of the estate did not give rise to disposable income to the debtor."  *Id.* (citing *Prigge*, 441 B.R. at

17   677 n.5).  The Court recognizes that it has an obligation to give some effect to the statutory

18   language, and it agrees with the *McCullers* court that this interpretation does just that, noting that

19   the "limited reading is entirely appropriate . . . because the statutory language itself discloses very

20   modest aims."  *Id.* at 505.  "In using the words 'except that,' Congress suggests that its only

21   purpose was to negate any inference that the exclusion of such contributions from property of the

22   estate gives rise to income to the debtor."  *Id.*; *see also In re Parks*, 475 B.R. at 708 ("[W]e are

23   persuaded that the term 'except that' in the hanging paragraph was designed simply to clarify that

24   the voluntary retirement contributions excluded from property of the estate are not postpetition

25   income to the debtor.").

26   　　　　　The Court also notes that its position is supported by other sections of the Code.  The

27   Court finds instructive the fact that that Section 1306 makes post-petition earnings part of the

28   estate, but voluntary retirement contributions are not excluded from disposable income anywhere

United States District Court
Northern District of California

1  in Chapter 13.  *See* 11 U.S.C. § 1306(a)(2).  Further, the Court notes that in amending BAPCPA,

2  Congress explicitly excluded the repayment of 401(k) loans from disposable income in § 1322(f),

3  but it did not do the same with post-petition voluntary 401(k) contributions.  *In re Parks*, 475 B.R.

4  at 708; *see* 11 U.S.C. § 1322(f).  "[W]here Congress includes particular language in one section of

5  a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and

6  purposely in the disparate inclusion or exclusion."  *Keene Corp. v. United States*, 508 U.S. 200,

7  208 (1993) (alterations in original) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

8  The fact that Congress explicitly excluded repayment of 401(k) loans from disposable income in

9  Section 1322, but did not do the same with voluntary 401(k) contributions, further supports the

10  Court's conclusion that post-petition voluntary retirement contributions do constitute disposable

11  income.  *See In re Parks*, 475 B.R. at 709 ("Simply put, without a clearer direction comparable to

12  the carve out from disposable income for the repayment of retirement loans in § 1322(f), it seems

13  unlikely that Congress intended § 541(b)(7)(A) to bestow a benefit on above-median chapter 13

14  debtors while their creditors absorbed an even greater loss."); *In re McCullers*, 451 B.R. at 504

15  ("*Prigge*'s more limited interpretation is reinforced by the fact that Congress used much more

16  direct language in excluding retirement loan repayments from disposable income.  Section 1322(f)

17  was placed within the confines of chapter 13 itself, and states explicitly 'any amounts required to

18  repay such loan shall not constitute disposable income under section 1325.'"); *In re Prigge*, 441

19  B.R. at 677 ("No provision similar to § 1322(f) (excluding repayment of 401(k) loans from

20  disposable income) is cited by the Debtor as authority to exclude voluntary 401(k) contributions,

21  and the Court is aware of none. . . . If Congress had intended to exclude voluntary 401(k)

22  contributions from disposable income it could have drafted § 1322(f) to provide for such an

23  exclusion, or provided one elsewhere.").

24          The Court also looks to Section 707(b) of the Bankruptcy Code.  "Disposable income" is

25  defined as the debtor's "current monthly income . . . less amounts reasonably necessary to be

26  expended . . . for the maintenance or support of the debtor."  11 U.S.C. § 1325(b)(2)(A)(i).  Where

27  the debtor's monthly income exceeds the state median, as here, the "amounts reasonably necessary

28  to be expended" are determined by the means test in Section 707(b)(2).  11 U.S.C. § 1325(b)(3).

1    And "[v]oluntary contributions to 401(k) retirement plans are not mentioned as 'reasonable and

2    necessary expenses' under the 'means test' set forth in § 707(b)(2)(A) & (B)." *In re Parks*, 475

3    B.R. at 709 (citing *In re Seafort*, 699 F.3d at 672; *In re Prigge*, 41 B.R. at 676; *In re Egebjerg*, 574

4    F.3d at 1052).  This "suggests that Congress did not intend § 541(b)(7)(A) to exclude postpetition

5    401(k) contributions from disposable income." *In re Parks*, 475 B.R. at 709.

6         Finally, the Court also agrees that this interpretation is consistent with the Ninth Circuit's

7    decision in *In re Egebjerg*, 574 F.3d 1045.  That case dealt with a different issue—whether the

8    debtor's 401(k) loan repayments qualified as a necessary expense for purposes of the means test in

9    a Chapter 7 bankruptcy proceeding.  The Ninth Circuit noted that "[w]hen it introduced the means

10   test, Congress provided, by reference to the IRS guidelines, specific guidance as to what qualifies

11   as a necessary expense for the purposes of applying that test." *Id.* at 1052.  In its analysis, the

12   Ninth Circuit recognized that "the IRS guidelines themselves provide that '[c]ontributions to

13   voluntary retirement plans are not a necessary expense.'" *Id.* at 1052 (alteration in original)

14   (quoting IRM § 5.15.1.23).  The Ninth Circuit explicitly stated that it did "not hold that §

15   5.15.1.23 is controlling" and that it did not "mean to imply that the IRS standards have been

16   incorporated wholesale into the Bankruptcy Code or that they control outcomes on other issues."

17   *Id.* at 1052 n.3.  The Court also recognizes that the IRS guidelines in the IRM do not prevail over

18   the statute, but merely notes that its reading of the statute is consistent with the Ninth Circuit's

19   statement in *Egebjerg*.  *See In re Parks*, 475 B.R. at 709.

20        The Court determines that under the Bankruptcy Code, voluntary contributions to a 401(k)

21   made after filing a petition for Chapter 13 bankruptcy are disposable income.  The Court therefore

22   agrees with the Bankruptcy Court's decision, and it holds that Saldana's voluntary retirement

23   contributions were properly included as disposable income.

24   //

25   //

26   //

27   //

28   //

*United States District Court*
*Northern District of California*

12

**VI.    ORDER**

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's Order Sustaining Objection To Confirmation and its Confirmation Order.

Dated:  May 15, 2023

_____
BETH LABSON FREEMAN
United States District Judge